*In re* HÉCTOR LUGO BOUGAL, CARLOS J. IRIZARRY YUNQUÉ, ENRIQUE GONZÁLEZ.

Nos. D-64-1,    Decided June 30, 1967.
D-64-2,
D-64-3.

*J. B. Fernández Badillo,* Solicitor General, *Rodolfo Cruz Contreras, Jenaro Marchand, Peter Ortiz,* and *Héctor R. Orlandi,* Assistant Solicitors General, for The People. *Héctor Lugo Bougal, pro se.*

## ORDER

In compliance with instructions of this Court, on January 20, 1964, the Solicitor General preferred charges against attorneys Héctor Lugo Bougal, Carlos Juan Irizarry, and

Enrique González, for improper and immoral conduct as a result of certain acts performed by them concerning their intervention in the prosecution against Dr. Héctor Hoyos and his wife, Ana Torres.. Part of the history of the case appears in *Hoyos* v. *Superior Court*, 80 P.R.R. 612 (1958). ·

The hearing of the charges was held during June 22, 24, and 25, 1964. The transcript of evidence consists of 487 pages. The parties stipulated the admission of documentary evidence, 20 exhibits of the complainants and 28 of the respondents.

After considering the evidence presented, the Court deems that respondent *Héctor Lugo Bougal* is guilty of the improper conduct charged against him in the first two charges upon referring to the Superior Judge, Hon. José Dávila Ortiz, in the course of a hearing in a habeas corpus proceeding, and in the fourth charge, in making statements for the press and the radio publicly setting forth his points of view and comments on the prosecution pending against his clients although such statements were made in reply to radio and press statements adverse to his clients. The third charge was not proved and the fifth and sixth charges, in making certain statements prematurely in a complaint for damages, were unimportant. As to respondents *Carlos J. Irizarry Yunqué* and *Enrique González*, we are not satisfied that the charges preferred individually against them were properly established, and therefore, the same are dismissed.

■ There is not any justification for the conduct of Mr. Lugo Bougal in insulting Judge Dávila Ortiz by means of epithets prejudicial to judicial dignity, said judge not being in a condition to defend himself. It was thus admitted by the respondent himself in his testimony before the court and he stated that pressure was exerted for the defense, but it is precisely at these moments when the attorney should maintain his serenity and self-control. It should always be borne in mind that against any judicial action deemed erroneous,

the law itself provides the means for its review. In passing let us say that the evidence reveals that the conduct of Judge Dávila Ortiz did not depart from the standards of moral conduct and ethics expected of a magistrate.

██ Likewise Mr. Lugo Bougal admits that his acts of undue publicity were not correct. The absence of clear rules on this aspect of the practice of law compels us to state definitively that an attorney must litigate his cases before the courts and not in the press or other means of publicity. He should not publish, procure the publication, aid or take any steps, directly or indirectly, in the publication of accounts on pending matters, including those in the stage of investigation. When really special circumstances require the making of statements, they should be limited to the showings in the record, without making reference to available evidence or witnesses to be used, nor to the content of their testimonies.

█ The improper conduct of respondent Lugo Bougal deserves the censure we are now expressing. His honest admission of the facts and of the consequences of his acts prejudicial to the orderly and impartial administration of justice, as well as his former clean record in the practice of his profession, have influenced us in limiting ourselves to a rebuke.

It was so agreed by the Court as witnesses the signature of the Chief Justice. Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages do not agree with this order insofar as respondent Héctor Lugo Bougal is concerned, and they express in a separate opinion, their view that he should be disbarred.

(s) LUIS NEGRÓN FERNÁNDEZ<br>
*Chief Justice*

I attest:
    (s) JOAQUÍN BERRÍOS
        *Clerk*

—O—

Separate opinion of MR. JUSTICE BLANCO LUGO, MR. JUSTICE RIGAU, and MR. JUSTICE RAMÍREZ BAGES.

San Juan, Puerto Rico, June 30, 1967

We believe that in view of the nature of the charges found proved which were preferred by the Solicitor General against respondent Héctor Lugo Bougal, his removal from the practice of his profession is justified. Grave and extremely prejudicial to the dignity of the court was respondent's conduct upon referring to Hon. José Dávila Ortiz in a public session of the court, as "an irresponsible judge", "a prosecutor judge", "an inexperienced judge" and who, in agreement with prosecuting attorneys Colón and Agrait, had issued "in the darkness and shadows of the night" an order which "was consistent with his background as prosecuting attorney but not with the purpose of justice." The seriousness of this conduct becomes still more significant when it comes from an experienced attorney. Likewise the charge of undue publicity—to prepare and deliver written statements for the newspapers and radio commenting the evidence in a pending criminal prosecution—is sufficiently serious to deserve something more than censure.